[Civ. No. 39617. Second Dist., Div. Two. Mar. 1, 1972.]

DAVID MASON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BLUE THUMB RECORDS, INC., Real Party in Interest.

## COUNSEL

Kaplan, Livingston, Goodwin, Berkowitz & Selvin and Norman S. Oberstein for Petitioner.

No appearance for Respondent.

Gang, Tyre & Brown and Bruce M. Ramer for Real Party in Interest.

## OPINION

**COMPTON, J.**—The Superior Court of Los Angeles County issued a preliminary injunction directing petitioner David Mason to deliver to real party in interest, Blue Thumb Records, Inc. (Blue Thumb) certain personal property which he admittedly has in his possession.

Petitioner is a recording artist and said property consists of a number of master recordings embodying his performances, which recordings were made pursuant to a contract with Blue Thumb.

Petitioner noticed an appeal from the order granting the injunction and moved the superior court, under section 917.2 of the Code of Civil Procedure, to appoint an officer as custodian of the property and to stay enforcement of the injunction pending the appeal.

The superior court denied said motion and subsequently ordered petitioner to show cause why he should not be adjudged guilty of contempt for disobeying the injunction.

Petitioner then sought relief from this court by way of a writ of mandate directing the superior court to proceed under Code of Civil Procedure section 917.2 and to stay all further proceedings.

We granted an alternative writ in order to determine whether, in spite of the peculiar circumstances of the case, the superior court was required to afford petitioner the relief he sought. We have concluded that the writ must now be denied.

The essential facts are not in dispute.

Prior to any litigation between the parties, a contract was executed between them under which petitioner was to perform exclusively for Blue Thumb in making phonograph records for distribution and sale. The contract provided for certain financial arrangements and specifically declared that the master recordings were to be the property of Blue Thumb.

A number of records were produced before petitioner on November 26, 1971, filed a complaint against Blue Thumb seeking, among other things, rescission, declaratory relief, accounting, injunctive relief and damages for breach of contract.

Just prior to instituting this litigation petitioner admittedly, in an act of self-help, took possession of the master recordings and refused to return them to Blue Thumb.

Blue Thumb cross-complained for and obtained the preliminary injunction which ordered return of the master recordings.

Petitioner contends that a stay under section 917.2 of the Code of Civil Procedure is mandatory and the trial court had no discretion to refuse to designate a custodian of the property.

The language of the statute is not absolute, it simply says the enforcement of the judgment is not stayed *"unless* the property is placed in the custody of an officer designated by the trial court. . . ." (Italics added.)

We are not unmindful of those cases which seem to indicate that the court has a duty to designate such an officer. However, "Statutes must be given a fair and reasonable interpretation, with due regard to . . . *the purpose sought to be accomplished."* (Italics added; 45 Cal.Jur.2d, § 113, p. 623; *Cedars of Lebanon Hosp.* v. *County of L.A.,* 35 Cal.2d 729 [221 P.2d 31, 15 A.L.R.2d 1045].)

We conclude that whatever may be the purpose sought to be accomplished by the statute it certainly is not to encourage self-help on the part of litigants.

Here the underlying litigation is still pending in the trial court. Petitioner admits that he would not be entitled to any form of attachment prior to trial of that litigation.

Were we now to order sequestration of this property the net result would be tantamount to an attachment.

The purpose of the various statutory stays which are set out in the code is maintenance of the status quo. Here the status quo that should be restored and maintained is the placing of the questioned property in the possession of Blue Thumb who was lawfully in possession prior to the time that petitioner wrongfully removed it and took it into his own possession. This objective is achieved by our denying the petition and thus freeing the trial court's hands to proceed in enforcing its orders.

The alternative writ is discharged.

The petition is denied.

Herndon, Acting P. J., and Fleming, J., concurred.